**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Daniel Hill,** **Civil No. 01-1081 (DWF/SRN)**

**Plaintiff,**

v.

**REPORT AND RECOMMENDATION**

**CBS Broadcasting, Inc.,**
**f/k/a CBS, Inc., d/b/a WCCO Radio 830**
**a New York corporation**

**Defendant.**

---

M. Gregory Simpson, Esq., on behalf of Plaintiff.

Barbara Jean D'Aquila, Esq., on behalf of Defendants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on August 28, 2001 on Plaintiff's Motion for Remand (Doc. No. 5). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons set forth below, this Court recommends that Plaintiff's Motion for Remand be denied.

## I. PLAINTIFF'S MOTION FOR REMAND.

### A. Background.

On May 15, 2001, Plaintiff served a Summons and Complaint, venued in Hennepin County District Court, on Defendant, his former employer. In his Complaint, Plaintiff alleged that he was owed outstanding commissions for radio advertising time he had sold to Defendant's customers. (Compl. ¶¶ 6-9.) Plaintiff demanded relief for: (1) unpaid commissions in excess of

FILED SEP 18 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

$47,687.56, (2) statutory damages pursuant to Minnesota's Penalty for Failure to Pay Wages Promptly, Minn. Stat. § 181.13(a) (2000), (3) an award of all reasonable attorneys fees incurred in the action pursuant to Minn. Stat. § 181.171, subd. 3 (2000), and (4) costs, disbursements, expenses and all other relief the Court deems just and equitable.

On June 14, 2001, Defendant removed this case to Federal District Court for the District of Minnesota, pursuant to 28 U.S.C. § 1446. Defendant alleged as grounds for removal, that Plaintiff's demands for relief produced an amount in controversy in excess of $75,000 exclusive of interest and costs. (Notice of Removal ¶ 8.) As a result, Defendant concluded that federal subject matter jurisdiction existed pursuant to 28 U.S.C. § 1332. Id.

On July 16, 2001, Plaintiff filed the present Motion for Remand, contending that the amount in controversy requirement was not met in this case.

**B. Standard.**

Under 28 U.S.C. § 1332, diversity jurisdiction is available in all civil matters between citizens of different states where the amount in controversy exceeds $75,000 exclusive of interests and costs. In cases such as this, where both parties concede complete diversity of citizenship, "the court's analysis focuses upon the requisite amount in controversy threshold of $75,000." McNeilus Truck and Manufacturing, Inc., v. Hunt, 2001 WL 837940 (D. Minn. 2001). The availability of attorneys' fees is properly considered when determining the amount in controversy. See Capitol Indem. Corp. v. Miles, 978 F.2d 437, 438 (8th Cir. 1992).

The party asserting federal jurisdiction " has the burden of establishing that the required amount is in controversy." Hatridge v. Aetna Casualty & Surety Co., 415 F.2d 809, 814 (8th Cir. 1969). If the complaint specifically alleges damages in excess of the jurisdictional amount, and

"from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). "However, the legal certainty rule does not apply when the plaintiff's complaint does not allege a specific amount." Dyrda v. Wal-Mart Stores, Inc., 41 F.Supp.2d 943, 948 (D. Minn. 1999) citing McCorkindale v. American Home Assur. Co/A.I.C., 909 F.Supp. 646, 650 (N.D. Iowa 1995).

When a complaint does not allege a specific amount of damages, "[d]efendants may meet their burden by sufficient proof that a plaintiff's verdict reasonably may exceed that amount. Gilmer v. Walt Disney Co., 915 F.Supp. 1001, 1007 (W.D. Ark. 1996) citing Bolling v. Union Nat. Life Ins. Co., 900 F.Supp. 400, 405 (M.D. Ala. 1995). In motions for remand, the party opposing remand must prove the requisite amount in controversy by a preponderance of the evidence. See Peterson v. BASF Corp., 12 F. Supp.2d 964, 968 (D. Minn. 1998) citing DeAguilar v. Boeing Co., 11 F.3d 55, 58, (5th Cir. 1993). Given the conjectural nature of the prospective measurement of attorneys' fees, however, "the Court's obligation to resolve all doubts in favor of remand necessitates that enhanced jurisdictional scrutiny be applied to claims for attorneys' fees." Id.

**C. Analysis.**

Plaintiff first argues that because attorneys' fees are inherently speculative, enhanced jurisdictional scrutiny must be applied to cases in which the amount in controversy depends upon attorneys' fees. He then asserts that there is nothing in the record from which the Court could

conclude that the amount in controversy exceeds $75,000. Plaintiff explains that the amount claimed for unpaid wages is somewhat under $48,000 and the attorneys' fees incurred to date are less than $8,000. Hence, at the moment, the amount in controversy is less than $56,000.

Moreover, Plaintiff maintains that the future attorneys' fees in this case are not likely to ever make up the amount necessary for diversity jurisdiction. Plaintiff's counsel explains that most of his fee to date was incurred through back and forth negotiations with Defendant that will not continue, and so will not produce recurrent costs. Additionally, Plaintiff's counsel notes that this is a document heavy case, which at present has only one or two witnesses. Therefore, trial preparation will not require a large amount of time, and so will not drastically increase attorneys' fees. Plaintiffs' counsel concludes that he will likely be able to complete the case at a cost of less than $15,000.

Defendant responds that the amount in controversy will easily exceed $75,000. Defendant asserts that Plaintiff's claims of lost commissions and attorneys' fees already total $55, 697.56. This leaves only $19,302.45 before the amount in controversy will be met. Defendant contends that the additional attorneys' fees, witness fees, and statutory penalty under Minn. Stat. § 181.13(a)[1] will undoubtedly exceed the remaining $19,302.45.

As of the date of this hearing, Plaintiff's counsel had served the Complaint, conversed with defense counsel, and filed this motion. Defendant argues that these three tasks alone produced almost $8,000 in attorneys' fees, and formal discovery has not yet begun. In order to

[1]In cases of employer default, Minn. Stat. § 181.13(a) provides that "[t]he discharged employee may charge and collect the amount of the employee's average daily earnings at the rate agreed upon in the contract of employment, for each day up to 15 days, that the employer is in default."

adequately prepare for trial, Defendant explains, Plaintiff's attorney will need to perform approximately fourteen additional tasks, including *inter alia*, completing a Rule 26(f) report, drafting discovery requests, taking and defending depositions, conducting further settlement negotiations, defending against a dispositive motion, and possibly trying this case. Given the large amount of work still to be performed, and assuming fees pro-rated to Plaintiff's attorney's expenditures to date, Defendant concludes that Plaintiff's attorneys' fees will likely exceed $37,000, thus easily satisfying the amount-in-controversy requirement.

The Court denies Plaintiff's motion for remand. Defendant has demonstrated that Plaintiff's verdict may reasonably exceed $75,000, and has therefore met its burden of proof. Plaintiff's attorney will undoubtedly be forced to complete a significant number of the tasks detailed by Defendant, even if he does not perform them all. Further, the above estimate does not take into account the statutory penalty, which Plaintiff has conceded will amount to at least $4,000. Hence, even if Plaintiff's attorneys' fees do not approach Defendant's projection of $37,000, they will still almost certainly be enough to meet the amount-in-controversy requirement. Thus, while Plaintiff correctly argues that the Court should apply enhanced scrutiny in a case such as this one, where the amount in controversy depends partially on attorneys' fees, Defendant has made a sufficient showing to withstand such scrutiny.

The Court acknowledges that Plaintiff's attorney is well experienced in cases similar to the instant one, and that he has represented to the Court that he intends to keep costs to a minimum. Nevertheless, Defendant has successfully demonstrated, by a preponderance of the evidence, that the amount in controversy will exceed $75,000. As a result, the Court should deny Plaintiff's motion for remand.

**RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Remand (Doc. No. 5) be denied.

Dated: September 18, 2001

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by October 2, 2001, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500